UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EREIC W. BACA,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>SOCIAL SECURITY OFFICE, CLARKSON, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 2:24-cv-01419-TL<br><br>ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE |

This case arises out of Plaintiff Ereic W. Baca's allegations of constitutional violations and various other claims. This matter is before the Court on its own motion. Having reviewed Plaintiff's Complaint (Dkt. No. 5), the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and therefore DISMISSES WITHOUT PREJUDICE Plaintiff's complaint with leave to file an amended complaint.

On September 9, 2024, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") in this action. Dkt. No. 1. Plaintiff's application for IFP was granted, but U.S. Magistrate Judge

1  Brian A. Tschuida recommended review under 28 U.S.C. § 1915(e)(2)(B) before issuance of
2  summonses. Dkt. No. 4.
3        The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute,
4  the Court must dismiss a case if the IFP plaintiff fails to state a claim upon which relief may be
5  granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th
6  Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by
7  prisoners"). "The legal standard for dismissing a complaint for failure to state a claim under 28
8  U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil
9  Procedure 12(b)(6)." *Day v. Florida*, No. C14-378, 2014 WL 1412302, at *4 (W.D. Wash. Apr.
10 10, 2014) (citing *Lopez*, 203 F.3d at 1129).
11       Rule 12(b)(6) requires courts to assume the truth of factual allegations and credit all
12 reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th
13 Cir. 2007). However, a plaintiff still must provide sufficient factual details in the complaint to
14 "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
15 570 (2007). To state a plausible claim for relief in federal court, a plaintiff must "plead[] factual
16 content that allows the court to draw the reasonable inference that the defendant is liable for the
17 misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Thus, "[t]hreadbare recitals of
18 the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Id.*
19       Where a plaintiff proceeds *pro se* (without an attorney), courts must construe the
20 complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing
21 *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court "should not supply
22 essential elements of the [*pro se*] claim that were not initially pled." *See, e.g., Henderson v.*
23 *Anderson*, No. C19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal citation
24 and quotation omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D.

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE - 2

Wash. 2019) ("[C]ourts should not have to serve as advocates for *pro se* litigants.") (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

Here, Plaintiff does not plausibly state a claim under the *Twombly-Iqbal* standard. Plaintiff's Civil Cover Sheet indicates that Plaintiff conceives of his case as bringing claims against the federal government under 18 U.S.C. §§ 242 and 245 and 42 U.S.C. § 1983. *See* Dkt. No. 5-1 at 1.

Plaintiff attempts to bring two Title 18 claims. However, these are criminal statutes that provide no basis for civil liability. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Therefore, these claims must be dismissed.

As to the Section 1983 claim, Plaintiff's complaint lacks sufficient factual detail and specificity to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 672. Plaintiff's statement of claim asserts, in its entirety:

> Constitution violations slavery common law's first/fourth/sixth malicious prosecution colo of law practicing medicne with a license force medical procedures excessive forcs salt and battery kidnapping filing false police report's disability act racial profiling emotional damage Brady violation [*sic*].

Dkt. No. 5 at 5. This is a dense, unpunctuated recitation of various torts and misdeeds, not a cogent allegation of Defendants' wrongdoing. A plaintiff must plead "specific factual allegations showing the . . . defendants' participation in the alleged [misconduct]." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see, e.g.*, *Theriot v. Pierce Cnty. Gov't Officers*, No. C10-5696, 2010 WL 5394812, at *1 (W.D. Wash. Dec. 27, 2010). Dismissal is proper where a plaintiff's "allegations [are] not supported by reference to any specific actions, practices, or policies of the . . . defendants." *Ivey*, 673 F.2d at 268. Here, Plaintiff lists four defendants, but it is unclear what each defendant's role was in the alleged misconduct. Put

another way, given the language of the Complaint, it is impossible to determine what each defendant did (or did not) do.

And the materials appended to the complaint do not clarify the matter. These include a document captioned as a "Form COL" alleging "13th Amendment theft human trafficking for forced labor/overreach of the federal government of American [*sic*]," as well as six additional typewritten pages. *Id.* at 7–13. These pages comprise a diverse collection of materials, including lists of individuals, excerpts from the Declaration of Independence, the U.S. Constitution, personal narrative, citations from the Revised Code of Washington, and other unidentified text. In sum, even after construing the complaint liberally, the Court cannot conclude that Plaintiff has stated a claim to relief that is plausible on its face.

Courts typically allow *pro se* plaintiffs to amend their complaints in lieu of dismissal. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). The Court will therefore grant Plaintiff leave to file an amended complaint in this case that sufficiently "pleads factual content," *Iqbal*, 556 U.S. at 672, to state a plausible claim for relief. If Plaintiff fails to file an amended complaint by the deadline, or if the amended complaint fails to state a plausible claim for relief, the Court will dismiss this case in its entirety.

Accordingly, the Court ORDERS as follows:

This case is DISMISSED without prejudice. However, the Court GRANTS Plaintiff leave to amend the complaint within **thirty (30) days** of this Order. Therefore, any amended complaint is due by **January 9, 2025.**

Dated this 10th day of December 2024.

Tana Lin
United States District Judge